## N. Y. SUPERIOR COURT.

FRANCISCA KLEIN, plaintiff and appellant, agt. GEORGE KLEIN, defendant and respondent.

In an action for *separation from bed and board*, brought by the wife against the husband for alleged cruel and inhuman treatment, where the complaint charges the defendant with great particularity, with a series of scandalous, indecent and licentious acts, committed with and upon certain females other than the plaintiff, these allegations standing entirely by themselves, and no averment of any fact or circumstance in connection with which they might have become important, will be *stricken out.*

*General Term, June,* 1871.
*Before* JONES, *P. J.,* McCUNN *and* FREEDMAN, *JJ.*

APPEAL from order made at special term, requiring plaintiff to make her complaint more definite and certain, and also striking out all allegations charging defendant with improper, scandalous and licentous conduct with other females than the plaintiff.

N. GANO DUNN, *for plaintiff and appellant.*
JAMES M. SMITH, *for defendant and respondent.*

*By the court,* FREEDMAN, J.—This is an action for a separation from bed and board. By the common law, a court of equity had no jurisdiction to decree a separation or limited divorce (*Perry* agt. *Perry,* 2 *Paige,* 501). The jurisdiction is created and the cases in which an action for a separation or limited divorce may be brought, are defined by statute (1 *Rev. Stat.,* 146 ; 3 *Rev. Stat.,* 5th ed., 237). To constitute cruel and inhuman treatment by the husband of the wife, or such conduct on his part towards her, as may

render it unsafe and improper for her to cohabit with him, within the meaning of these terms as used in the first two subdivisions of the 51st section of the statute, bodily injury, or acts of personal violence are not necessary (*Bihin* agt. *Bihin*, 17 *Abb.*, 19), but the conduct or treatment must at least be such as to create a reasonable apprehension of bodily hurt, and the causes for such apprehension must be of sufficient importance (*Whispell* agt. *Whispell*, 4 *Barb.*, 217; 2 *Kent's Com.*, 126).

The statute also prescribes, that the complaint in every such case, shall specify particularly the nature and circumstances of the case on which plaintiff relies, and shall set forth times and places with reasonable certainty. These specific allegations present the matters upon which issue is to be joined. To be issuable, however, every circumstance thus alleged must be material in establishing some ground recognized by the statute.

The allegations which were struck out of the complaint in this action, charged the defendant with great particularity with a series of scandalous, indecent and licentious acts commited with and upon certain females other than the plaintiff. As the action is not for a divorce on the ground of adultery, but for a separation merely, these allegations are immaterial, unless they tend to aid at least in establishing some specific ground mentioned in the first two subdivisions of the section of the statute referred to. Standing entirely by themselves, they have no such tendency, and there is no averment of any fact or circumstance in connection with which they might have become important. It is not charged, that the conduct complained of led plaintiff to apprehend personal injury to herself; she does not complain, that it gave her pain. No effect upon either the body or mind of the plaintiff, her health or feelings, is alleged. The only injury stated is, the disgrace which such conduct brought upon the plaintiff and her family. No decree for separation can be based upon that. Frequent intoxication may bring disgrace, but cannot be

made to work a separation. Nor do occasional outbursts of passion, from whatever cause, so long as they do not threaten bodily harm, present a ground for a limited divorce (*Mason* agt. *Mason*, 1 *Edw.*, 278). The allegations refered to were, therefore, properly sticken out.

That portion of the order, however, which requires the plaintiff to make the complaint more definite and certain by stating at what time or times, and at what place or places the defendant contracted the diseases in the complaint mentioned, is too broad and must be modified so as to require the plaintiff to set forth the time or times and at what place or places the defendant communicated the said diseases to the plaintiff.

As thus modified, the order appealed from, should be affirmed.